UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE LUIS VELAZQUEZ and
JEANETTE VELAZQUEZ,

        Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

        Defendants.

2:11-CV-576 JCM (RJJ)

**ORDER**

Presently before the court is plaintiffs Jose Luis Velazquez and Jeanette Velazquez's motion for preliminary injunction previously filed in state court prior to removal to this court. (Doc. #1-3). Defendants Mortgage Electronic Systems Inc. (hereinafter "MERS") and Quality Loan Service Corporation (hereinafter "Quality Loan") filed an opposition. (Doc. #1-4). Plaintiffs filed a reply.

Plaintiffs filed their complaint (doc. #1-1) in the Eighth Judicial District Court of the State of Nevada against the defendants, asserting claims for (1) declaratory relief, (2) quiet title, and (3) injunctive relief. The case was removed to this court on April 15, 2011. (Doc. #1). Prior to the removal of the case, the state court entered a temporary restraining order (doc. #1-2) and held a hearing on the motion for preliminary injunction (doc. #1-3). The hearing was continued, and the judge set an evidentiary hearing for April 21, 2011.

**Relevant Facts**

In the complaint (doc. #1-1), plaintiffs assert that they executed a promissory note for

**James C. Mahan**
**U.S. District Judge**

1  $200,000 in favor of Aegis Wholesale Corporation on February 1, 2005, in order to purchase a home
2  in Las Vegas Nevada (hereinafter "property"). Plaintiffs then executed a deed of trust which secured
3  repayment of the loan and conveyed a security interest in the property to Aegis. *Id.* Plaintiffs assert
4  that the deed of trust created a beneficial interest in MERS, and was recorded February 9, 2005.
5  (Doc. #1-1 Exhibit 1). The deed of trust names plaintiffs as borrower, Aegis as lender, and National
6  Title as the trustee. *Id.* Further, it states that MERS "is the beneficiary under this [s]ecurity
7  [i]nstrument," and that it "secures to [l]ender (Aegis): (I) the repayments of the [l]oan...; and (ii) the
8  performance of [b]orrower's covenants and agreements." *Id.*

9  Subsequently, plaintiffs defaulted on the loan, and on May 11, 2009, defendant Quality Loan
10 recorded a notice of default and election to sell under the deed of trust. The notice stated that Quality
11 Loan was either the "original trustee, the duly appointed substituted trustee, or acting as an agent for
12 the trustee or beneficiary under the [d]eed of [t]rust dated 2/1/2005." (Doc. #1-1). The plaintiffs
13 filed for Chapter 7 bankruptcy on June 10, 2009, and the bankruptcy court entered an order
14 discharging their debts on September 9, 2009. *Id.* Plaintiffs assert that this discharge included the
15 note on the property, and that the defendants did not object or obtain an order granting relief from
16 the automatic stay imposed. *Id.*

17 On November 19, 2009, MERS recorded a document entitled "Substitution of Trustee,"
18 which stated that "undersigned desires to substitute a new trustee under [d]eed of [t]rust in place and
19 stead of said original [t]rustee...the undersigned hereby substitutes Quality Loan Service Corp. as
20 [t]rustee under [d]eed of [t]rust." *Id.* Subsequently, on December 14, 2010, MERS caused to be
21 recorded a document entitled "Corporate Assignment of Deed of Trust," identifying MERS as
22 nominee for Aegis as the assignor and Aurora Loan Services LLC, as the assignee. It stated that
23 "[a]ssignor hereby grants and conveys unto the said [a]ssignee, the [a]ssignor's beneficial interest
24 under the [d]eed of [t]rust." *Id.* On March 11, 2011, defendant Quality Loan recorded a document
25 entitled "Notice of Trustee's Sale," which stated that Quality would sell the subject property at
26 public auction on March 30, 2011.

27 Plaintiffs filed the instant action in state court (doc. #1-1) on March 17, 2011, and the motion
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

for temporary restraining order and preliminary injunction (doc. #1-3) on March 28, 2011. The state court entered a temporary restraining order (doc. #1-2) on March 29, 2011, enjoining defendants from "in any manner, either directly or indirectly, selling or attempting to sell or otherwise convey and dispose of the property...whether by foreclosure sale or otherwise." The temporary restraining order would expire fifteen (15) days from the date of the court's order. *Id.*

**Motion for Preliminary Injunction**

The Supreme Court has held that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success on the merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of hardships; and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).

In the motion for preliminary injunction (doc. #1-3), it is the plaintiffs' position that MERS is not a beneficiary and lacks the authority to transfer beneficial interest under the deed of trust. Further, they assert that the notice of trustee's sale is defective because MERS is not the note holder, and for there to be a valid assignment for purposes of foreclosure, both the note and the deed of trust must be assigned. (Doc. #1-3). Additionally, they argue that the trustee's sale is statutorily defective, because MERS, who is not in fact the beneficiary, purported to transfer all of the beneficiary's interest under the deed of trust to Aurora Loan Service in the "Corporate Assignment Deed of Trust." *Id.* They also contend that MERS did not have the ability to transfer its interest in the loan because it was not the agent of the lender Aegis, and therefore, the deed of trust remains with Aegis at this point. Lastly, plaintiffs assert that Quality does not have an interest in the transaction at all, yet it is the party that recorded the notice of trustee sale. *Id.*

The plaintiffs argue all of this in the motion for preliminary injunction (doc. #1-3), but do not state a claim for wrongful foreclosure in the complaint (doc. #1-1). As demonstrated below, the only actual claim for relief sought in the complaint (doc. #1-1) is to quiet title.

    **A.**    **Likelihood of Success On the Merits**

As previously stated, plaintiffs purport to assert three claims for relief in their complaint (doc.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  #1-1). Plaintiffs must demonstrate to the court that "there is a likelihood of success on the merits"
2  of these claims. *Winter*, 129 S. Ct. 365, 374-76. However, as fully discussed below, plaintiffs have
3  not demonstrated a likelihood of success, and a preliminary injunction is not warranted.

4        Plaintiffs assert a claim for quiet title (doc. #1-1), and allege that defendants have an "adverse
5  claim of title" to the property in the form of a security interest by virtue of the deed of trust. In an
6  action for quiet title in Nevada, NRS § 40.010 requires "[a]n action...be brought by any person
7  against another who claims an estate or interest in real property, adverse to him, for the purpose of
8  determining such adverse claim." In a claim for quiet title the burden of proof rests with the plaintiff
9  to prove a good title in himself. *Breliant v. Preferred Equities Corp.,* 918 P.2d 314, 318 (Nev. 1996).

10        A widely accepted rule in such actions is that the party must tender the undisputed amount
11  due and owing to challenge the validity of the sale. *See, e.g., Abdallah v. United Savings Bank*, 43
12  Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996). In essence, he who seeks equity must do equity. *See*
13  *McQuiddy v. Ware*, 87 U.S. 14, 19 (1873). Further, "a trustor cannot quiet title without discharging
14  his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci,* 39 Cal. App. 3d
15  475, 478 (1974).

16        As plaintiffs have not alleged that they have tendered the full amount owed, they cannot
17  challenge the validity of the sale nor support a claim for quiet title. *Abdallah*, 43 Cal. App. 4th 1101,
18  1109. To rebut this, plaintiffs argue in their motion that the debt was discharged as a result of their
19  bankruptcy (doc. #1-3). However, as defendants demonstrate, "plaintiffs claimed the property as
20  exempt and then received a chapter 7 discharge." (Doc. #1-4). The court agrees with the defendants
21  that under the Bankruptcy Code, "the claim of real property in a chapter 7 bankruptcy as an exempt
22  asset followed by a discharge to the debtor results only in a discharge of personal liability," and does
23  not "result in the automatic divestment of liens which attached to real property prior to the filing of
24  the bankruptcy petition." 11 U.S.C §727(b), § 524(a), and § 362(c). Therefore, as the debt is not
25  discharged and plaintiffs have not tendered the full amount, there is not a likelihood that their claim
26  for quiet title will succeed.

27        Plaintiffs' remaining claims are for injunctive and declaratory relief. (Doc. #1-1). In the
28

James C. Mahan
U.S. District Judge

- 4 -

1  plaintiffs' claim for declaratory relief (doc. #1-1), they contend that "they have no obligation under
2  the subject [p]romissory [n]ote[,] that said obligation has been fully discharged in bankruptcy[,] and
3  that...[d]efendants are not entitled to conduct non-judicial foreclosure." Further, they assert that they
4  desire "a judicial determination of the respective rights and duties of the [p]laintiffs and [d]efendants
5  with respect to the controversy." *Id.*  However, as a claim for declaratory relief is not a separate
6  substantive claim for relief, and the court has determined that there is not a likelihood of success for
7  the quiet title claim because the bankruptcy did not discharge their debt, the court need not discuss
8  the likelihood of success on the merits of the claim for declaratory relief. *See Stock West, Inc. v.*
9  *Confederated Tribes of Coville Reservations,* 873 F.2d 1221, 1225 (9th Cir. 1989).

10  In the plaintiffs' third claim, they allege that it is "necessary for the court to enter a temporary
11  restraining order and a preliminary injunction pending trial herein restraining [d]efendants from
12  pursuing non-judicial foreclosure." *Id.* However, as defendants contend in their opposition to the
13  motion (doc. #1-4), injunctive relief is not an independent claim for relief, but is a remedy. *See, e.g.,*
14  *In re Wal-Mart Wage & Hour Employment Practices Litig.,* 490 F. Supp. 2d 1091, 1130 (D. Nev.
15  2007). Thus, as with the claim for declaratory relief, the court need not determine the likelihood of
16  success of the claim for injunctive relief.

17  Accordingly,

18  IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiffs Jose Luis
19  Velazquez and Jeanette Velazquez's motion for preliminary injunction (doc. #1-3) be, and the same
20  hereby is, DENIED.

21  DATED April 27, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -