## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE LUIS VELAZQUEZ and JEANETTE VELAZQUEZ,<br><br>           Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>           Defendants. | 2:11-CV-576 JCM (CWH) |

### ORDER

Presently before the court is the matter of *Velazquez et al. v. Mortgage Electronic Systems, Inc. et al.*. This is a wrongful foreclosure action. On April 11, 2011, a temporary restraining order was issued. (Doc. # 11). Plaintiffs Jeanette Velazquez and Jose Luis Velazquez posted a $5,000 bond as security for the temporary retraining order.[1] And on May 25, 2012, the court issued a preliminary injunction. (Doc. # 35). The preliminary injunction required the plaintiffs to post $930.00 a month as additional bond payments. On October 23, 2012, this court entered summary judgment in favor of defendants. (Doc. # 104).

On November 19, 2012, plaintiffs submitted a proposed order for release of security for costs pursuant to NRS 18.130. (Doc. # 106). Plaintiffs' proposed order contemplates the clerk of the court

---

[1] The bond is to pay for costs or damages as may be incurred by any party who is found to have been wrongfully enjoined or restrained. (Doc. # 5, 1:17-22).

**James C. Mahan**
**U.S. District Judge**

to release $22,670 to plaintiffs.[2]

"A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited, Inc. v. A.BMH & Co., Inc.,* 240 F.3d 781 (9th Cir. 2001) (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984)).

Here, the preliminary injunction and bond were intended to prevent defendants from foreclosing on plaintiffs' home while the parties were still litigating the matter. Now, plaintiffs have lost. At this point, the money posted by plaintiffs is to pay for any damage to defendants who have been wrongfully enjoined.

Thus, the court does not find releasing the total amount of money posted to obtain the preliminary injunction to plaintiffs proper.[3]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' request for release of security for costs pursuant to NRS 18.130 (doc. # 106) be, and there same hereby is, DENIED.

DATED November 30, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court, however, has reviewed the docket and it appears that the total amount posted by plaintiffs was $21,740.

[3] If plaintiffs believe otherwise, a motion, briefed by both sides, is the proper venue to address this issue.